**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| BARBARA A. RAINS | § |
| | § |
| V. | §  CASE NO. 4:10cv255 |
| | § |
| COMMISSIONER OF SOCIAL | § |
| SECURITY ADMINISTRATION | § |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **REVERSED AND REMANDED.**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for disabled widow's benefits under Title II of the Social Security Act on April 26, 2007, claiming entitlement to disability benefits due to trigeminal neuralgia ("TN"), seizures, arthritis and nervousness which limits her ability to sit or stand for long periods of time, lift objects, bend, climb, drive or operate machinery, and inability to focus or concentrate. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on February 18, 2009. Plaintiff was represented by a non-attorney representative at the proceeding. At the hearing, Plaintiff, the ALJ's medical expert, Beth A. Maxwell, and the ALJ's vocational expert, Talesia Beasley, testified.

On March 23, 2009, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on March 11, 2010. Therefore, the March 23, 2009 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant is the unmarried widow of the deceased insured worker and has attained the age of 50. The claimant meets the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act.

2. The prescribed period ends on April 30, 2014.

3. The claimant has not engaged in substantial gainful activity since April 26, 2007, the alleged onset date (20 C.F.R. §§ 404.1520(b) and 404.1571 *et seq*.).

4. The claimant has the following severe impairments: arthralgias of the left knee and right thumb, right sided trigeminal neuralgia, seizures and affective mood disorder. (20 C.F.R. § 404.1520(c)).

5. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

6. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity: to maintain employment at the level of listing and carrying a maximum of 20 pounds occasionally and 10 pounds frequently; stand and walk for about 6 hours in an 8-hour workday; and sit for about 6 hours in an 8-hour workday. Claimant must not work around hazardous machinery, unprotected heights, climb ladders, drive a motor vehicle, or on vibrating surfaces. She is limited to simple one, two or three step tasks or instructions, and she is restricted to work that does not demand close attention to details or complicated instructions

or job tasks.

7. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

8. The claimant was born on March 29, 1957 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 C.F.R. § 404.1563).

9. The claimant has a limited education and is able to communicate in English (20 C.F.R. § 404.1564).

10. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 C.F.R. § 404.1568).

11. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1560(c) and 404.1566).

12. The claimant has not been under a disability, as defined in the Social Security Act, from May 11, 1995 through the date of this decision (20 C.F.R. § 404.1520(g)).

(T.R. 14-20).

## **STANDARD OF REVIEW**

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the

Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of

performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## **ANALYSIS**

Plaintiff alleges two points of error. First, Plaintiff alleges that the ALJ failed to fully and fairly develop the record. Plaintiff contends that there was a basic obligation on the ALJ to fully develop the record since she was not represented by an attorney representative. The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his or her decision is an informed decision based on sufficient facts. *Brock v. Chater,* 84 F.3d 726, 728 (5th Cir. 1996). "*When a claimant is not represented by counsel,* the ALJ owes a heightened duty to 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Id.* (emphasis added). The decision of an ALJ will be reversed as not supported by substantial evidence if the claimant shows (1) that the ALJ failed to fulfill his duty to adequately develop the record; and (2) that the claimant

was prejudiced thereby. *Id.* Whether the heightened rule is appropriate in cases where the claimant is represented by a thoroughly prepared non-attorney representative has been called into question by other courts. *See Figueroa v. Astrue,* 2011 WL 3502394 (S.D. Tex. 2011).

Plaintiff was represented by Mr. Stanley Brummal M.S. C.R.C., of Brummal Rehabilitation Services. Mr. Brummal is no stranger to administrative proceedings, of which the Court takes notice for the purposes of this report. Plaintiff does not argue that Brummal lacked the competence to represent her, and from the record it appears that Brummal adequately represented Plaintiff. Mr. Brummal did a direct on the Plaintiff. Nothing deficient is noted in his questioning. Then, in response to the AlJ's questioning, he redirected the claimant. Again, nothing deficient in his questioning is noted. Brummal also did limited cross on the ME and VE. His cross of the VE is of the same caliber as noted when done by attorneys. In other words, he changes the hypothetical to get the VE to agree that with his hypothetical the claimant is for all purposes unable to work. The Court need not decide whether the Fifth Circuit's holding in *Brock v. Chater*, as to "heightened duty" exists when a competent non-attorney representative is present, since the ALJ satisfied the higher standard in the case sub judice.

Here, the ALJ questioned the claimant extensively about the effects of her seizures. She asked the claimant about her social activities. She questioned claimant about the types of activities she was able to do. She asked about claimant's medical and mental problems. The ALJ did extensive questioning of the ME as well as the VE. Two independent consultative exams were ordered by the agency. The ALJ thoroughly reviewed and analyzed the medical records.

Plaintiff also argues that she was prejudiced since the ALJ did not order or review records of Plaintiff's treatment for trigeminal neuralgia eight years prior to the onset date. However, the ALJ

6

specifically notes that Plaintiff had been treated for the condition as early as 1988. The ALJ also discusses in depth why she does not give full credence to the treating doctor's opinion as to Plaintiff's medical condition and the effect of her trigeminal neuralgia. The ALJ also concedes that Plaintiff suffers from the condition and experiences exacerbations of right sided facial pain which is in effect intermittent nerve pain. As for the MRI, so long as sufficient evidence exists, the ALJ has no duty to request additional evidence. *See Anderson v. Sullivan*, 887 F.2d 630,634 (5th Cir. 1989). There is ample evidence in the record that Plaintiff suffers from trigeminal neuralgia. The ALJ recognizes this condition but finds from the evidence that the condition does not limit her from performing some type of work in the economy. The consultative exam done by Dr. Williamson also recognizes the disorder, but he finds that it might limit her 10-15 minutes per day. He notes that she has some right sided facial numbness. The Court finds that a MRI would at best only confirm what everyone recognizes, i.e. that she suffers from trigeminal neuralgia. No prejudice is shown.

Plaintiff claims that the ALJ failed to follow the treating physician rule in establishing Plaintiff's residual functional capacity. Although the ALJ fully developed the record, the Court notes with some concern two areas where the ALJ may have erred in her assessment that Dr. Jowitt's opinion is not consistent with the medical evidence of record. First, there is no dispute that Plaintiff suffers from trigeminal neuralgia, and from the record, this condition appeared to be resistant to a number of standard medications used to treat it. The ALJ appears to reject the doctor's opinions as to the disabling nature of this disease process noting that there is no end organ damage related to hypertension or hepatitis C. The ALJ goes on to note that Plaintiff has not been diagnosed with a true seizure disorder. However, Dr. Jowitt did state that the severe pain from her TN causes body tremors. There is at least some evidence that Plaintiff's reaction to the pain is demonstrated by

7

tremors which may not be a true seizure disorder only a response to severe pain.

This Court is not satisfied that the ALJ ever addresses the severity of the TN on Plaintiff's ability to work. Even the consultative exam indicates at least a temporarily disabling condition. Second, as the Commissioner concedes, the ALJ was wrong in her assessment that Plaintiff was not taking medication for the disorder. Dr. Jowitt prescribed several medications including Tegertol or carbamazapine for her condition. There were at least three different anti-seizure or anti-depressant medications prescribed to treat the condition. The Court finds, in fairness to the claimant, that the case should be remanded and that the ALJ take into account the severity of the TN, the failed medication regimen, and whether the pain caused by the condition prevents Plaintiff from returning to work.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **REVERSED AND REMANDED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 9th day of January, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE